IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEVIN DEVON HAYNES, 1175542,  ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | No. 3:05-CV-1780-M |
| ) | |
| DOUGLAS DRETKE, Director, TDCJ-CID, ) | |
| Respondent.  ) | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

Rather than submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner has filed a motion seeking an extension of time to file a federal habeas petition.

Petitioner's motion for extension of time does not present a case or controversy. *See Juidice v. Vail*, 430 U.S. 327, 331 (1977) (presenting a justiciable case or controversy is a jurisdictional requirement which the court has an obligation to examine *sua sponte*). Federal courts do not "sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before [them]." *Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 1**

Petitioner is seeking an advisory opinion. There is no adverse party before the Court. Nor is there a concrete dispute for this Court to decide. In essence, the motion for extension of time asks the Court to determine in advance whether Petitioner's federal writ will be time-barred and whether equitable tolling may be available to extend the statute of limitations. The Court lacks subject matter jurisdiction to grant such relief.[1]

**RECOMMENDATION**

For the foregoing reasons, the motion for extension of time should be dismissed for lack of jurisdiction.

Signed September 12, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court is unable to construe Petitioner's motion as an application for writ of habeas corpus because he does not present any grounds for relief. *See* Rules Governing Section 2254 Cases, Rule 2(a) & (c).

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 2**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150, (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**